**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4549**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACHARY O'NEAL BOWE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00334-WO-1)

Submitted:  June 15, 2023                                      Decided:  June 20, 2023

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary O'Neal Bowe pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court calculated Bowe's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2021) at 84 to 105 months and sentenced him to 90 months' imprisonment.  On appeal, Bowe argues that the district court erred in calculating his Guidelines range by declining to reduce his offense level under USSG § 3E1.1 for acceptance of responsibility.  We affirm.

We review Bowe's sentence for reasonableness under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 51 (2007).  In doing so, we examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range."  *Id.* at 51.  "We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error."  *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007).  "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed."  *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).

Under the Guidelines, a defendant is eligible for a two-level reduction to his offense level if he "clearly demonstrates acceptance of responsibility for his offense."  USSG § 3E1.1(a).  If the defendant qualifies for a reduction under subsection (a) and his offense level is 16 or greater, he is eligible for an additional 1-level reduction upon the motion of the Government.  USSG § 3E1.1(b).  "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively

2

accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). "A guilty plea may be evidence of acceptance, but it does not, standing alone, entitle a defendant to a reduction as a matter of right." *Dugger*, 485 F.3d at 239 (internal quotation marks omitted); *see* USSG § 3E1.1 cmt. n.3.

"To determine whether a defendant has accepted responsibility, the sentencing judge must weigh the totality of the circumstances." *United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018). The commentary to USSG § 3E1.1 provides a nonexclusive list of considerations relevant to this inquiry, which includes, as pertinent here, "voluntary termination or withdrawal from criminal conduct or associations," "post-offense rehabilitative efforts," and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." USSG § 3E1.1 cmt. n.1; *see Dugger*, 485 F.3d at 240 ("The decision to grant an acceptance-of-responsibility reduction often depends on the actions of the defendant following his or her arrest or plea."). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the determination of the sentencing judge "is entitled to great deference on review." USSG § 3E1.1 cmt. n.5; *see Harris*, 890 F.3d at 488.

The district court's choice to decline to afford Bowe a reduction under USSG § 3E1.1 is supported by information in the presentence report the court adopted and sentencing testimony and evidence the court credited establishing that Bowe did not terminate or withdraw from criminal conduct after pleading guilty. Instead, five days after his guilty plea, he participated in a violent fight while incarcerated in a jail. Because Bowe

3

did not terminate or withdraw from criminal conduct following his guilty plea, the district court did not commit procedural sentencing error in determining that he did not deserve a reduction to his offense level under USSG § 3E1.1 for acceptance of responsibility.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*